TUCKER, Judge.
This is a suit for personal injury and property damages sustained in an automobile accident on July 10, 1969, and instituted by Roland David against Marilyn Hamilton and her insurer, Employers Mutual Liability Insurance Company in solido for the sum of Nine Thousand Fifty-nine and 44/100 ($9,059.44) Dollars, plus legal interest from the date of judicial demand until paid; and, alternatively, against Thomas Dewey for the same amount, and, also alternatively, against all three defendants in solido for the aforementioned amount.
The subject automobile accident occurred about noon, during a drizzling rain, on Louisiana Highway No. 1, also known as False River Road, in an area of parked automobiles in front of a popular eating establishment, the Casa Loma Restaurant. The plaintiff was traveling in a westerly direction on the said state highway at a rate of speed of 40 miles per hour. Defendant, Marilyn Hamilton, was coming toward the plaintiff, traveling in an easterly direction on the same highway at a speed rate of 45 to 50 miles per hour, when she suddenly veered into plaintiff’s lane of traffic at a moment when plaintiff did not have sufficient time to apply his brakes ef *244 fectively, with the result that a collision occurred between the two automobiles, causing both property and personal injury damages to the plaintiff. The Casa Loma Restaurant was on the southerly side of said Highway No. 1.
Immediately prior to the accident Thomas Dewey was seeking a parking place in front of the Casa Loma. He commenced backing toward the highway from one location so that he could park in another space about the time the collision happened. His car was at right angles to the said highway, with the front end pointing toward the Casa Loma, and the rear end either on the highway, over-hanging it, or just clear of it. The testimony is conflicting on this point. Defendant Hamilton, observing the Dewey car backing testified that she swerved to avoid hitting the Dewey car, which caused her to go into the lane of the plaintiff’s oncoming vehicle. Mrs. Hamilton testified that she preferred this choice of alternatives in preference to hitting Dewey or the numerous automobiles on the shoulder of the highway to her right. She hoped to veer behind Dewey’s car, but unfortunately when she maneuvered thusly David was legally making use of this west bound lane into which she intruded.
Plaintiff charged defendant Hamilton with negligence in driving at a rate of speed imprudent and dangerous under the circumstances, in failing to maintain control of her automobile, and in failing to keep a proper look-out and veering into his lane of traffic. Alternatively, plaintiff sued defendant Dewey under the “sudden emergency” doctrine, and charged that his negligence was the proximate cause of the accident. The other alternative thrust by the plaintiff is explained hereinabove.
Two days after the accident the plaintiff called on Dr. Kellerman, who diagnosed plaintiff’s physical troubles as multiple bruises, contusions and injuries to his neck and back. He returned to work eighteen (18) days after the accident.
The lower court found that Mrs. Hamilton’s negligent operation of her automobile was the sole and proximate cause of the accident in that she was traveling at an excessive rate of speed under the circumstances of the drizzling rain, the congested condition of traffic in the particular area. In effect the trial judge held that she invaded the opposing lane of traffic in face of the oncoming David vehicle without cause to justify her doing so. The court found no negligence on the part of Thomas Dewey and dismissed the suit against him with prejudice.
Judgment was rendered and signed below, awarding plaintiff damages for his personal injuries and suffering in the amount of One Thousand Five Hundred and no/100 ($1,500.00) Dollars, and for special damages, not in contest, in the sum of Four Hundred Twenty-four and 63/100 ($424.63) Dollars, or a total sum of $1,-924.63. The judgment award ran against Mrs. Marilyn Hamilton and her insurer, Employers Mutual Liability Insurance Company of Wausau, in solido.
From the judgment in the lower court the defendants, Mrs. Hamilton and her insurer, appealed, alleging error in the finding that Mrs. Hamilton was guilty of any negligence whatsoever, in the failure to find that Thomas Dewey was negligent, and in making an excessive award of damages to the plaintiff for his personal injuries and suffering.
The plaintiff answered the appeal, asking for an increase in the quantum awarded in the judgment for his personal injuries to a sum in the range of $3,500.00 plus the special damages, and solidary judgment against Thomas Dewey with Mrs. Hamilton and her insurer.
Counsel for the plaintiff, who did not appeal, but simply answered the appeal *245 of Mrs. Hamilton and her insurer, claim judgment should be rendered against all defendants in solido. Plaintiff cannot secure redress or relief from an appellate court, in the absence of an appeal, against a defendant who has been dismissed from the suit by the judgment of the trial court. Dewey was sued alternatively, and since the primary defendant was found to be negligent, the alternative reasons for liability do not come into play. This court does not have the authority under its appellate jurisdiction to change the judgment of the trial court to the advantage of plaintiff with respect to the defendant Dewey, where the plaintiff has not appealed from the judgment dismissing his suit against Dewey. The pleadings here do not denote a situation of co-tortfeasors. See Barrois v. Noto, 215 So.2d 676, 683 (La.App.4th Cir. 1968), writs refused 1969.
The testimony is in conflict. This disparity commenced shortly after the accident when the statements of both David and Mrs. Hamilton were given to the investigating police to the effect that the Dewey car was on the highway just prior to the accident. After hearing all of the testimony the judge a quo appeared satisfied that the Dewey car was in fact off the highway, and that Dewey did not contribute to the chain of events leading to the accident.
The trial court also found that Mrs. Hamilton was negligent in driving at an excessive rate of speed, although within the speed limit, considering the extant traffic conditions, including the drizzling rain, the wet surface of the roadway, and the congested area around the Casa Loma Restaurant. Admittedly, Mrs. Hamilton veered her automobile into David’s lane of travel, and this act caused the accident. Mrs. Hamilton urgently contends that her failure to remain within the confines of her proper lane of travel was caused by the Dewey vehicle backing into her lane, which confronted her with a “sudden emergency” over which she had no control, and faced with alternatives she did not have the time to adequately appraise, she chose to invade plaintiff’s side of the road. However, the trial judge held that no emergency, posed by the position of the Dewey car, actually existed.
This court is unable to envision a valid reason or reasons for disturbing the trial court’s finding of fact in this case. The cardinal precept of law is to the effect that, unless a trial court’s finding of fact is manifestly erroneous, an appellate court will not disturb such finding.
Appellants contend that the damages awarded for the personal injuries and suffering of the plaintiff are clearly excessive; that David was not badly hurt, and missed only eighteen days from his employment; and that he was medically discharged from further treatment by his physician, Dr. Kellerman, after only the third visit.
Naturally, wide gaps appear in the jurisprudence with respect to damages awarded for items, including intangibles, but our examination of the medical evidence convinces us that the award of One Thousand Five Hundred and no/100 ($1,500.00) Dollars in damages for plaintiff’s physical pain and suffering as a result of the injuries he received in the accident is not manifestly excessive or inadequate, and this court will not disturb the award.
For the foregoing reasons the judgment of the lower court will be affirmed at appellants’ costs.
Affirmed.