288 So.2d 42 (1973)
Fay FOX
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and James C. Lewis.
No. 53423.
Supreme Court of Louisiana.
December 3, 1973.
Rehearing Denied January 11, 1974.
Melvin J. Giepert, Arnold & Giepert, New Orleans, for plaintiff-applicant.
Geoffrey H. Longenecker, C. Gordon Johnson, Jr., Porteous, Toledano, Hainkel & Johnson, New Orleans, for defendants-respondents.
DIXON, Justice.
We granted writs in this case to review the opinion of the Court of Appeal which reduced a jury verdict for a "whiplash" injury from $25,000 to $10,875. 273 So.2d 743 (1973).
Defendants admitted liability and coverage; the only issue for the jury to decide was quantum. The Court of Appeal analyzed the evidence and decided that the verdict of the jury was "manifestly erroneous."
The record in the case is at once simple and typical. Plaintiff's automobile was struck from the rear. She was treated by her own physician over a six months period, and then discharged, not because she was free from pain and disability, but because he had done all he could for her. She was referred by her lawyer to a physician who specialized in orthopedics and who frequently testified on behalf of plaintiffs in damage suits. That physician referred the plaintiff to a radiologist. Months of treatment followed.
An orthopedic surgeon examined the plaintiff prior to trial, and testified concerning x-rays taken over a span of time by the plaintiff's radiologist.
Plaintiff's doctors found muscle spasm and "subluxation." Defendants' doctor found that "the examination . . . just didn't show any evidence of any residual disability;" his conclusion was that the plaintiff had suffered a "soft tissue injury" from which she should have recovered.
The plaintiff testified that she was never without pain. For part of the period she had worn a cervical collar prescribed for her by one of the physicians. She was self-employed as a seamstress. For part of the time she could not work; at the time *43 of the trial, and for some time before, she could only perform about one-third as much work as before the accident. Lay witnesses testified that she was a "changed person," both in appearance and in her ability to work.
Except for the defendants' doctor, there were no defense witnesses. The plaintiff put on the stand three doctors, four lay witnesses, and testified herself. Nearly half the record was taken up by defense cross-examination of the plaintiff's physicians. The qualifications, experience, ability and integrity of two of the plaintiff's doctors were severely tested by cross-examination before the jury.
The Court of Appeal examined the evidence and decided that it could not agree with the jury verdict. First, although the Court of Appeal found that the jury would be justified in concluding that there was some "permanent suffering," that court believed that "Mrs. Fox has clearly exaggerated her injuries and pain and discomfort she suffers." The Court of Appeal, without explanation, concluded that a "fair amount" for this item of recovery would be $7,500.
The Court of Appeal then examined the claim for loss of earnings and concluded that the evidence justified an award of $2,500. The Court of Appeal apparently awarded nothing for loss of future earnings, finding that plaintiff's evidence as to loss of earning was vague and unsatifactory.
The plaintiff, a widow in her fifties, supported herself as a seamstress, making dresses for weddings and costumes for carnival balls. She did not keep records, and had never filed an income tax return since her husband's death.
Her only source of income revealed in the record was money she earned with her own hands as a seamstress. There is no evidence to dispute her contention that she could not sew for a time. There is no evidence to dispute her testimony (corroborated by the lay witnesses) that it took her, at the time of the trial, about three times as long to make a dress as it did before the injury.
Damages for personal injuries need not be proved with mathematical precision. "Although the general rule is, that damages are the amount of the loss . . . sustained, or of the gain . . . deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. . . . In the assessment of damages under this rule, as well as in cases of offenses, . . . much discretion must be left to the judge or jury, . . ." C.C. 1934(3).
We said in Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151, 154, 155 (1971):
". . . a claim for loss of earnings need not be proved with mathematical certainty, but only by such proof as reasonably establishes the claim. This may even consist only of the plaintiff's own reasonable testimony, if accepted as truthful; although of course the better practice is to introduce corroborating testimony. . . .
"Where there is a legal right to recovery but the damages cannot be exactly estimated, the courts have reasonable discretion to assess same based upon all the facts and circumstances of the case.. . . This latter principle is also applicable, where the fact of loss of earnings or earning power, past or future, is proved, but not any exact amount."
It would gain us little to review the opinions of this court in Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Ballard v. National Indemnity Co. of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964) and Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963). It has all been said before. Suffice it to say that, in the assessment of damages in tort cases, *44 "much discretion must be left to the judge or jury." C.C. 1934(3).[1]
We find no abuse of discretion in the case before us. Reasonable minds might differ on a proper award, but there is ample evidence in the record which would support an award of $25,000 for a painful neck injury to a woman who supported herself a a seamstress, and whose ability to work has been reduced by two-thirds because of the injury. We are not convinced that the jury was mistaken.
For these reasons, the judgment of the Court of Appeal is vacated, and the judgment of the district court is reinstated, at defendants' costs.
NOTES
[1] For an extensive summary of personal injury awards dealing with whiplash from 1968 through September 21, 1972 (216 So.2d through 265 So.2d 680) see Comment, A Quantum Study of Pain and Suffering Awards for All Personal Injuries in Louisiana Appellate Courts (1968-1972), 29 Loyola L.Rev. 111, 201 (1972-1973).