REDMANN, Judge
(dissenting).
There are two fundamental issues involved in an appeal on personal injury-quantum, namely (1) what are the injuries and (2) by what amount of money should those injuries be compensated.
Time and again the Louisiana Supreme Court has repeated the principles that (1) the trial court’s “reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review * * * ”, Canter v. Koehring Co., La.1973, 283 So.2d 716, 724 and (2) “in the assessment of damages in tort cases, ‘much discretion must be left to the judge or jury.’ C.C. art. 1934(3)”, Fox v. State Farm Mut. Auto. Ins. Co., La.1973, 288 So.2d 42, 43.
If the trial judge had found the factual findings of the majority, I would affirm an award by him of $1,500 general damages.[1]
But the trial judge presumably found (1) the collision was slight; [2] (2) plaintiff lost little or no time from work; [3] and (3) the injury was not severe.[4]
For a slight injury, the $500 general damages award by the trial judge was within his “much discretion”, C.C. art. 1934(3). The judgment should be affirmed.
“It has all been said before”, Fox complains, 288 So.2d at 43. If Canter and Fox are to be taken seriously even in $500 cases, it will apparently have to be said again.

. I disregard the majority’s reference to x-ray evidence. This was weak hearsay, over objection, in a deposition, and presumably the trial judge did not consider it. I would also deem reversible a finding that plaintiff missed work.

. Despite plaintiff’s uneontradicted evidence that his property damage cost $934 to repair, defendant testified that, except for a broken parking light, his own vehicle had “so little [damage], I’d have to get around there and point [out] to you where the damage is.”

. Plaintiff told his doctor on first examination that he was working. The doctor testified, “I have no note after that that he wasn’t working, so we may assume that he continued.” Moreover, plaintiff claimed and testified to automobile rental for work purposes for three days during the week he and his brother testified he did not work. And plaintiff proved that he did rent a car for those three days by a dated receipt from the car rental agency.

.The only objective evidence, muscle spasm, was gone by the second visit two weeks later, according to plaintiff’s own doctor. The $399 “medical” is largely for infra-red heat treatments. There was no complicated medical problem.