REDMANN, Judge.
These appeals and their answers question general damages quantum for cervical strains from an automobile accident.
It was stipulated that defendants Orge-ron and his insurer were liable, and that quantum should be fixed on the basis of medical reports of the treating physician.
One plaintiff, the doctor reported, on her first visit “complained of pain in the posterior neck. Physical examination was negative and she was placed on [muscle relaxant and analgesic]”. The patient returned two days later still complaining; cervical x-rays were negative. Five days later she was improved; two weeks later she had only occasional pain; ten days later she was discharged as asymptomatic. But discomfort returned three days after discharge, she told the doctor 17 days later. She was given diathermy for four days. Eleven days later she was again discharged. The trial judge’s award of $1,800 for this injury was not inadequate. It may be thought generous, but, Fox v. State Farm Mut. A. Ins. Co., La.1973, 288 So.2d 42, 43-44, “It has all been said before. Suffice it to say that, in the assessment of damages in tort cases, ‘much discretion must be left to the judge or jury.’ C.C. 1934(3).”
The other plaintiff’s injuries were similarly described and treated, though first physical examination was said to “reveal pain on palpation”, and a second course (nine treatments) of diathermy was administered. Medication was changed to a combination tranquilizer, muscle relaxant and analgesic. This plaintiff was discharged almost four months after the accident. We find the $2,500 award to her, if generous, similarly within the range of the trial judge’s discretion.
The judgment in each consolidated case is affirmed.
Affirmed.