REDMANN, Judge.
By this appeal defendants seek reduction of a $2,700 general damage award as excessive and elimination of a $600 loss of earnings award as unproven.
Plaintiff wife’s complaints from a rear-end collision were of neck and lower back pains. Her family physician found muscular spasm in the cervical area and, from x-rays, pre-existing degenerative disc pathology. A consulting orthopedist found no spasm eleven days after the accident; but he diagnosed plaintiff wife’s condition as a cervical strain, whose treatment took about four months because of pre-existing arthritic spine and scoliosis.
The $2,700 award may be near, but we cannot say it exceeds, the upper limits of the trial judge’s “much discretion,” C.C. art. 1934(3). See Fox v. State Farm Mut. Auto. Ins. Co., La. 1973, 288 So.2d 42.
During the period of treatment, plaintiff wife was not able to work full-time at her employment as a real estate sales agent. Her testimony, and that of her employer-husband, of earnings was uncorroborated by personal or business records. Nevertheless, if believed by the trier of fact, this evidence sufficed to show both earnings, Jordan v. Travelers Ins. Co., 1971, 257 La. 995, 245 So.2d 151 (see also Fox, supra), and some loss of earnings (despite an overall income increase in the year of disability). The lost earnings here, unlike those of a salaried employee, are simply not susceptible of mathematical proof. The $600 award for a period of some four months of partial disability is reasonably supported by the evidence that, at other times, plaintiff wife earned about $200 to $400 a month.
The judgment is affirmed.