BOUTALL, Judge.
From a judgment in favor of plaintiff, Mrs. Perry Wright, and against defendants Grady Samuels, Jr., S & G Truck Service, Inc., and National Fire and Marine Insurance Company, in the amount of $3,000.00, plaintiff brings this appeal alleging that the court erred in failing to grant an adequate award for pain and suffering.
The case arises from an automobile accident that occurred in Jefferson Parish on February 9, 1970. The plaintiff was traveling in the right lane of Jefferson Highway when backed up traffic caused her to apply her brakes and stop. The defendant, traveling behind plaintiff, struck her from the rear, driving her automobile forward a foot or so. Following a trial on the merits, the trial court found the defendants to be negligent and cast judgment upon them in solido. In this appeal, the only issue before this court is whether the amount of $3,000.00 awarded plaintiff for pain and suffering is so low as to constitute an abuse of the “much discretion” vested with the trial court.
The accident that occurred on February 9, 1970 was preceded by another rear end collision involving the plaintiff on February 4, 1970. On February 5 plaintiff was taken to Ochsner Clinic where she complained of and was treated for neck, back and right wrist ailments. Following her visit to Ochsner Clinic and the accident of February 9, the plaintiff saw her family physician who prescribed pain pills for her injuries. On February 15 plaintiff entered Ochsner Hospital with hypoglycemia, a condition unrelated to either automobile accident, and was discharged on February 19. On March 3, 1970 plaintiff went to see Dr. Aiken complaining of neck and back injuries.
Dr. Aiken examined Mrs. Wright and took x-rays from which he made the observation that she had severe neck and back sprains and thrombophlebitis of the left leg. Mrs. Wright thereupon began physiotherapy and medication for these injuries. Dr. Aiken testified that the last physiotherapy for Mrs. Wright’s neck was April, 1970 and for the back, May, 1970. The last medication for the neck injury was in July, 1970 and for the back June, 1970, although Mrs. Wright continued to take a tranquilizer. The thrombophlebitis was treated and cleared up quickly, although plaintiff had a recurrence in July, 1971 which again responded to medication.
The trial judge was faced with two problems relating to the extent of Mrs. Wright’s injury. One was to determine what portion of her condition was due to the accident of February 9 and what portion was due to the, accident of February 4. The second was to determine the relationship of certain other ailments exhibited by plaintiff to the trauma of February 9. The trial judge, in his Reasons for Judgment, felt that Mrs. Wright had completely recovered from her injuries due to the February 9 accident, with no permanent residual effects, and our review of the record places us in agreement with that determination.
In matters of general damages the trial court has “much discretion” in setting the *226 amount. Fox v. State Farm Mutual Automobile Insurance Co., 288 So.2d 42 (La., 1973). Our review is confined to a determination of whether the trial court abused that discretion and, finding no abuse by the trial court, we affirm.
Affirmed.