BOUTALL, Judge.
This case arises out of an accident involving a bus and an automobile. The trial judge found that the defendant bus company and its driver were liable to the plaintiff, a passenger on the bus, and that the driver of the car was not liable. The trial court rendered judgment for plaintiff against the company and driver in the amount of $21,049.38, which he broke down as $12,500.00 pain and suffering and $8,549.38, clinical and medical expenses. Both plaintiff and defendants have appealed the judgment on the issue of quantum.
Plaintiff claims he incurred severe back injuries in the accident of March, 1969, however, he readily' admits a prior history of serious back ailments. Prior to the accident plaintiff had undergone four back operations, two laminectomies, a revision to excise scar tissue, and a spinal fusion. After the accident plaintiff underwent three more attempted spinal fusions. Three doctors testified, an orthopedic surgeon and two neurosurgeons. All of the medical experts agreed that plaintiff is living with a great deal of pain, that another operation would probably be unsuccessful and that plaintiff is totally and permanently disabled. Another area of agreement among the doctors was their inability to state with any certainty whether the accident of March, 1969 caused some or any of plaintiff’s present disability.
Of the medical witnesses, Dr. Gernon Brown, Jr. was the only one who had actually treated plaintiff, but not actually during the pertinent times before and after the accident. For this period, he and the other expert witnesses could only interpret records made by other doctors, etc. Defendants, relying mainly on the interpretation by Dr. Richard Levy of the medical records, make the point that if plaintiff was injured in the accident it was only a minor injury and not worth $21,049.38. Plaintiff contends that his back was much improved prior to the accident and since the accident he had become totally incapacitated, necessitating a much larger award than $12,500.00 for pain and suffering. Plaintiff, to show a change in his condition before and after the accident, introduced the testimony of four witnesses who stated that from December, 1968 (the last time, prior to the accident, that plaintiff was in the hospital because of his back) until the time of the accident plaintiff did odd jobs for them requiring light manual labor, which he had not been able to do since the original onset of back trouble. Thus, defendant argues an award of $1,000.00 is sufficient, while plaintiff argues for an award of $100,000.00.
The record supports neither proposition in its entirety. It does support a finding of some improvement just prior to the accident and of significant aggravation of plaintiff’s condition with a probability of increased difficulty in recovery. It is impossible to be precise in assessing the damage done to plaintiff’s already weakened body. When such a situation arises great weight is to be given to the trial court’s determination of damages. The trial judge is permitted enough latitude in a given case to award quantum on the realistic basis of how much a claimant has been actually injured in order to fully indemnify him in a particular set of circumstances or facts. Redd v. Prevost, 288 So.2d 74 (La.App. 4th Cir. 1974).
The trial court awarded plaintiff $12,500 for his pain and suffering and $8,549.38 for medical expenses, the last figure being exactly half plaintiff’s documented medical expenses from the date of the accident to the date of trial.[1] We hold that both *694 awards are supported by evidence in the record and that the trial judge has not abused his discretion in granting them. R.C.C. Article 1934(3); Fox v. State Farm Mutual Automobile Insurance Co., 288 So.2d 42 (La.S.Ct.1973); Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971).
For the reasons stated the judgment of the lower court is affirmed. Each party shall bear his own costs on this appeal.
Affirmed.

. While the record established the probability that plaintiff would have incurred many of these medical expenses if the subject accident had not occurred, the evidence further showed the accident caused a worsening of plaintiff’s condition and a need for additional medical expenses. The equal division, while arbitrary, was not unreasonable.