CUTRER, Judge.
Plaintiffs, Sandra Kaye Andrews and her husband, Timothy Andrews, sued Carol L. Johnson and their uninsured motorist insurer, The Employers’ Fire Insurance Company, for damages resulting from an accident allegedly caused by the negligence of Mrs. Johnson. A trial was had and judgment rendered in favor of plaintiffs. Defendants have appealed and plaintiffs have answered the appeal. We amend and affirm.
The accident which brought about this suit occurred on October 23, 1973, in Opelousas, Louisiana, at the intersection of Vine Street and North Court Street. Vine Street is a one-way, two-laned street with the traffic flow moving from west to east. North Court Street is a two-way, two-laned street with the traffic flow moving north and south. The accident took place when a 1965 Volkswagon automobile driven by Mrs. Andrews was struck at the intersection of Vine and North Court Streets by a 1965 Pontiac automobile being driven by Mrs. Johnson. The intersection is controlled by an electric traffic light. The factual issue before the trial court was who ran the red light. This question was resolved in favor of plaintiffs. The issue before this court is whether there is manifest error in that determination.
The conflict in the testimony is as follows: Mrs. Andrews testified that she was returning to work after lunch and that as she approached the intersection while traveling in a northerly direction on North Court she saw that the light was red and she stopped in obedience of that signal. While stopped at the intersection a pickup truck approaching from the west on Vine signalled a right turn and Mrs. Andrews was required to back her automobile in order to give the pickup truck sufficient space to make the right turn from Vine to North Court. When she looked at the light Mrs. Andrews noticed that it had turned green and she placed her vehicle into low gear and proceeded into the intersection. As she got to the center of the intersection her automobile was struck on the left side by the automobile being driven by Mrs. Johnson.
Mrs. Johnson testified that she was returning home from shopping when the accident occurred. She had her two young children in the car as well as her sister-in-law and her young child. She was proceeding along Vine Street in the left lane of travel moving in an easterly direction. Her testimony was that as she approached the intersection of Vine and North Court Streets the traffic light was in her favor and that it never changed before the accident occurred. The testimony of her sister-in-law was substantially the same. The other witnesses who testified were the man driving the turning pickup truck, Francis Dar jean, and the city policeman who investigated the accident, Johnny Ray Hargroder.
The trial judge did not give any determinative weight to the testimony of Dar jean. The relevant portions of his testimony were.conclusions drawn by him with reference to the timing of the traffic signal change after he turned the corner from Vine to North Court. As pointed out by the trial judge in his written reasons for judgment the witness’s conclusions involved considerations of distance, location, rates of speed, rates of acceleration, rates of deceleration and time intervals which factors were not known to the court or the *467 witness. The testimony of the policeman was of no assistance in determining who had the right of way. The trial judge found that since Mrs. Andrews was stopped at the intersection waiting for the light to change, it was more likely that she saw that the light had changed and Mrs. Johnson, who was proceeding down Vine Street, had failed to see the light change from green to red. Judgment was accordingly rendered in favor of plaintiffs in the amounts of $5,427.20 for medical expenses, $10,000.00 ' for pain and suffering and $5,000.00 for loss of earnings.
We have carefully reviewed the record in this case and find ample evidence to support the conclusions of the trial judge that the accident resulted from the negligence of Mrs. Johnson and that Mrs. Andrews was free from negligence. Finding no manifest error on the part of the trial judge we affirm the judgment with reference to liability.
The tortfeasor in this case, Mrs. Johnson, was not covered by liability insurance at the time of the accident. For that reason plaintiffs joined their uninsured motorist carrier as a party-defendant. In his written reasons for judgment dated March 11, 1975, the trial judge held that the judgment against the insurer was restricted to $10,000.00, apparently relying on this court’s decision in Barbin v. United States Fidelity & Guaranty Co., 302 So.2d 631 (La.App. 3rd Cir. 1974), which prohibited “stacking” of uninsured motorist coverage under an insurance policy containing the same provisions as the one with which we are concerned in the present case. This court’s interpretation of the 1972 amendment to LSA-R.S. 22:1406 was reversed by the Supreme Court on June 23, 1975 (315 So.2d 754). Plaintiffs have answered the appeal in this case asking that the judgment be amended so as to permit the stacking of uninsured motorost coverage provided for the two cars insured under the policy provided by their insurer. After reviewing the record in this case, and applying the Supreme Court’s interpretation of LSA-R.S. 22:1406 to the facts before us, we find that uninsured motorist coverage provided for plaintiffs’ two automobiles [1] should be “stacked” to provide a total available coverage to plaintiffs of $20,000.00.
In their answer to the appeal the plaintiffs have also asked this court to increase the award for pain and suffering on the part of Mrs. Andrews from $10,000.00 to $20,000.00. Although Mrs. Andrews sustained a fracture of the left ileum, a fracture of the left inferior pubic ramus, and a comminuted fracture of the left ace-tabulum, requiring 52 days of hospitalization and totally disabling her for about one year, the trier of facts has much discretion in the assessment of damages under LSA-C.C. article 1934. We have carefully reviewed the evidence presented in this case and find no clear abuse of the trial judge’s much discretion. Fox v. State Farm Mutual Automobile Insurance Co., 288 So.2d 42 (La.1973).
For the reasons assigned, it is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Timothy Andrews, and against defendants, Carol L. Johnson and The Employers Fire Insurance Company, in solido, in the full and true sum of Five Thousand Four Hundred Twenty-seven and 20/100 ($5,427.20) Dollars, with legal interest at the rate of seven (7%) per cent per annum thereon from date of judicial demand, until paid, subject to a credit of One Thousand and NÓ/100 ($1,000.00) Dollars, in favor of The Employers Fire Insurance Company; it is further ordered, adjudged and decreed that there be judgment here in favor of plaintiff, Sandra Kaye Andrews, and against defendants, Carol L. Johnson and The Em *468 ployers Fire Insurance Company, m solido, in the full and true sum of Fifteen Thousand and NO/lOO ($15,000.00) Dollars, with legal interest at the rate of seven (7%) per cent per annum thereon from date of judicial demand, until paid. In all other respects the judgment of the trial court is affirmed at defendants-appellants’ costs.
Amended and affirmed.

. The plaintiffs’ insurer provided uninsured motorist coverage on two vehicles owned by plaintiffs, the 1965 Volks wagon involved in the accident and a 1971 Chevrolet.