PRICE, Judge.
Plaintiffs, Robert H. Nicholson, and wife, Stella R. Nicholson, have appealed from the trial court judgment rejecting their demands against their liability insurer, State Farm Mutual Automobile Insurance Company, for uninsured motorist benefits.
*907 The case was submitted to the trial court by agreement on the following stipulation of fact:
Mrs. Nicholson sustained personal injuries amounting to $15,000 in an automobile collision caused by the negligence of William S. Dockery who was insured for liability in the sum of $5,000 by Casualty Reciprocal Exchange. At the time of the accident, plaintiffs also carried two policies of insurance with State Farm each providing for uninsured motorist coverage in the amount of $5,000.
Subsequent to the filing of suit by plaintiffs against the two foregoing insurers, Casualty Reciprocal Exchange answered admitting liability and deposited the sum of $5,513.43 into the registry of the court representing the limits of its liability under its policy for personal injuries and property damages plus accrued interest.
State Farm also answered and admitted the injuries of Mrs. Nicholson exceed the liability coverage of Dockery and deposited the sum of $5,085.58 in the registry of the court representing the amount of the uninsured motorist coverage, plus accrued interest, under one of the two policies issued by it to plaintiffs.
Plaintiffs withdrew both of the sums deposited and reserved the right to litigate as against State Farm whether they are entitled to recover the sum of $5,000 provided as uninsured motorist coverage under the second policy issued by it to plaintiff.
State Farm contends it has fulfilled its responsibility to plaintiffs for uninsured motorist coverage by depositing into the registry of the court the sum of $5,000 due under one of its policies with plaintiffs. The thrust of its defense is that upon payment of the one uninsured motorist benefit to plaintiffs, State Farm became entitled to the funds deposited by the liability insurer of Dockery under the subro-gation provisions of its contract of insurance with plaintiffs. Since these funds have also been withdrawn by plaintiffs, State Farm contends it has been deprived of the enforcement of its subrogation right against Dockery or his insurer and therefore it should be relieved of paying to plaintiffs an equivalent sum under the second policy of uninsured motorist coverage.
Plaintiffs, to the contrary, contend that as it has been stipulated that Mrs. Nicholson has personal injuries amounting to $15,000, she is entitled to retain the $5,000 paid by Dockery’s insurance and to also be entitled to collect under the uninsured motorist provisions providing $5,000 coverage under both policies issued to plaintiffs by State Farm.
The trial court decided in favor of State Farm and limited plaintiffs’ award against this defendant to the sum of $5,000 which was discharged by the previous deposit of this amount in the registry of the court. Other aspects of the judgment involving the liability of Dockery to plaintiffs and third party demands made by State Farm against Dockery and his insurer are not at issue on this appeal and for simplicity are not set forth herein.
The sole question for review is whether the enforcement of the subrogation provision of the uninsured motorist provision of the State Farm policy by allowing it to receive credit for the amount received by Mrs. Nicholson from the insurer of the tortfeasor, unlawfully deprives her of an additional amount of uninsured motorist coverage for which a premium was paid under the second policy issued to plaintiffs by State Farm. Plaintiffs contend that to deprive them of the full amount of uninsured motorist coverage contracted for with State Farm by enforcement of the subrogation clause is contrary to the public policy and intent expressed in the uninsured motorist statute.
In support of their position, plaintiffs cite and rely on the decisions in Hebert v. Green, 311 So.2d 223 (La.1975); Barbin v. United States Fidelity & Guaranty Co., 315 So.2d 754 (La.1975); Ardoin v. Bordelon, *908 284 So.2d 117 (La.App. 3rd Cir. 1973); Andrews v. Johnson, 324 So.2d 465 (La.App. 3rd Cir. 1975); Raggio v. Volkswagen Insurance Company, 327 So.2d 505 (La.App. 3rd Cir. 1976).
We have examined the foregoing cases and do not find a sufficient analogy to the circumstances presented to support plaintiffs’, argument.
The accident out of which this litigation arose occurred on February 1, 1974, prior to the effective date of the 1974 amendment to the uninsured motorist statute which changed the definition of an under-insured vehicle to be one on which the coverage is less than the amount of damages suffered by an insured. Therefore, the statute in effect at the time of the accident (the 1972 amendment) provided an uninsured motorist was a driver who was un-derinsured by having less liability insurance than the injured driver had provided uninsured motorist coverage for himself.
The plaintiffs had provided themselves with a total of $10,000 uninsured motorist coverage for any one person. The negligent driver, Dockery, was insured for the sum of $5,000 for personal injury to any one person. He was therefore underin-sured in so far as plaintiff, Stella Nicholson, was concerned to the extent of $5,000. Payment of this amount by State Farm has given Mrs. Nicholson the full protection which the contracts of insurance and the uninsured motorist statute require.
To reach any other result would necessitate a complete disregard of the contractual provisions of the insurance contract between the parties which provided:
“PART IV — PROTECTION AGAINST UNINSURED MOTORIST
* * * * * *
“Trust Agreement. In the event of payment to any person under this Part:
(a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made ;
(b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of the claim made under this Part;
(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;”
This result is also in accord with LSA-R.S. 22:1406(D)(4) of the subject statute which provides for subrogation as follows:
In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer.
Nor do we find the enforcement of the suborgation provision to be in conflict with any of the prior reported cases interpreting this statute. We therefore conclude the trial court was correct in upholding the position of State Farm.
In accord with the foregoing, the judgment appealed is affirmed at appellants’ costs.