KLEES, Judge.
The sole issue presented on appeal is the quantum of a jury award for damages resulting from a rear end collision. The plaintiff was awarded total damages in the amount of $20,000. Plaintiff contends that the amount awarded was so inadequate that it constituted an abuse of discretion. We agree and amend the judgment accordingly.
On October 31, 1979, Plaintiff-Linda B. Monnier was injured when the vehicle she was driving was hit from the rear by an automobile owned and operated by defendant-Edwin Boutte. Plaintiff filed suit against Boutte, Dairyland Insurance Company (the Boutte liability carrier) and Government Employees Insurance Company (her uninsured and/or underinsured motorist carrier). Prior to trial, plaintiff settled with Boutte and Dairyland Insurance Company for the policy limit of $5,000. She reserved her rights against GEICO, and proceeded to trial solely against them. The jury returned a verdict in favor of plaintiff, and awarded her damages of $20,000. The $5,000 previously received from Dairyland was debited from this amount and judgment against GEICO was entered in the amount of $15,000. In all a total award of $20,000 was given by the jury.
The plaintiff, a 38-year-old secretary, testified at trial, that she was on her way to work, when, as she was stopped for a red light, she was struck from the rear. Upon impact, she struck the steering wheel of the automobile with her face, and was thrown forward and backward and jerked around the car.
Approximately one and one half to two hours after the accident, she went to see Dr. Arrington for her injuries. His diagnosis after examination was “marked left tra-peguis-spasm, possible zygoma fracture, moderate lumbar spasm.” Two days later, the plaintiff returned to Dr. Arrington complaining of increased pain in the neck area. She was given a cervical collar to wear in addition to other treatment. On three oth *726 er occasions in November, 1979, the plaintiff went to see Dr. Arrington. During these visits, she complained of extreme pain in the neck region. On December 7, 1979 when plaintiff reiterated the same complaints about her neck, Dr. Arrington referred her to Dr. Kenneth E. Vogel.
Dr. Vogel, a neurosurgeon, examined the plaintiff and diagnosed that she had a sub-capular herniated cervical disc. The plaintiff’s pain continued, until finally on March 15, 1981, she underwent a complete neurological examination, including a “cervical myelogram”. The myelographic study indicated a herniated disc at the C6-C7 level. Three days later, the plaintiff underwent an operation known as “an anterior cervical fusion” to repair the disc.
After the operation, Dr. Vogel assigned a 10 to 15 percent permanent, partial medical impairment of the body as a whole to plaintiff and testified at trial that she would be permanently disabled from lifting, pulling or pushing anything greater than 35 pounds or anything that would require her to bend or stoop.
On December 17, 1979, contemporaneously with her visits to Dr. Vogel, another doctor, Dr. Warren L. Gottsegen, a vascular and thoracic surgeon, examined the plaintiff. This doctor’s diagnosis after examination was a bilateral thoracic outlet compression syndrome. After physical therapy failed to improve plaintiff’s condition, the doctor recommended surgery. He stated that this type of surgery is a major operation and that his fee would be $3,000. He could not estimate the cost of hospitalization but stated that the patient would be required to spend about 8 days in the hospital.
The defendant, in urging that the amount of the damages should not be increased, relies heavily on the testimony of Dr. Richard W. Levy who supported the bilateral thoracic outlet compression syndrome, but discounted a herniated disc in the plaintiff. This court notes that Dr. Levy examined plaintiff on only one occasion, nine months after the accident, and that the record viewed as a whole strongly supports the findings of Dr. Vogel and Dr. Gottsegen.
The defendant also points out that the plaintiff was involved in another accident two weeks prior to the accident in question. However, the connexity of the October 31, 1979 accident to the injuries sustained by plaintiff had been established to the satisfaction of the trial court and to the jury. The record is totally void of any indication of injury to the plaintiff in the October 14, 1979 accident. Both Dr. Vogel and Dr. Gottsegen testified that in their opinion the injuries of the plaintiff were caused by the October 31 accident. The court must now closely examine the particular injuries of plaintiff and their effects upon her person.
Immediately after the October 31 accident,, the plaintiff experienced pain in her arms, neck and shoulders. During the treatment for her injuries, she was required to wear a cervical collar and on occasions must still wear one. The treatment did not relieve the pain and plaintiff had to undergo an extremely painful myleographic study and ultimately a fusion operation. She is still experiencing pain and is unable to adequately do household chores. Moreover, she faces the prospect of another surgical procedure in the future.
Although a jury award is not to be disturbed absent a showing of an abuse of discretion, an appellate court, in reviewing law and fact, must amend a judgment when circumstances warrant a revision. Reggio v. Louisiana Gas Service Company, 333 So.2d 395 (La.App. 4th Cir. 1976), writs denied, 337 So.2d 187 (La.1976) and 337 So.2d 526 (La.1976). Considering this plaintiff’s injury and the fusion of the two vertebra, we conclude that an award of general damages for $20,000 is so inadequate as to constitute a violation of the much discretion rule. This is particularly true since the plaintiff incurred over $7,000 in special damages alone and is faced with future medical expenses of well over $3,000. Applying the standard enunciated in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), p. 335:
“that before a Court of Appeal can disturb an award made by a trial court that *727 record must clearly reveal that the trier of fact abused its discretion in making its award. Anderson v. Welding Testing Laboratory, Inc. [304 So.2d 351 (La.1974)], supra; Fox v. State Farm Mutual Automobile Ins. Co. [288 So.2d 42 (La.1973)], supra; Walker v. Champion [288 So.2d 44 (La.1973)], supra. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. Bitoun v. Landry [302 So.2d 278 (La.1974)], supra; Spillers v. Montgomery Ward and Company, Inc. [294 So.2d 803 (La.1974)], supra. It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence.”
and further delineated in Reck v. Stevens, 373 So.2d 498 (La.1979);
“Only after such determination of abuse has been reached is a resort to prior awards appropriate under Coco for purposes of then determining what would be an appropriate award for the present case.”
This court finds that the lowest amount reasonably within its discretion to award is $40,000.00.[1]
For the above and foregoing reasons, the judgment of the trial court is amended by increasing the award for all general and special damages to $40,000.00.
Therefore, IT IS ORDERED, ADJUDGED AND DECREED, that there be judgment in favor of plaintiff, Linda Mon-nier, and against defendant, Government Employees Insurance Company in the sum of $35,000.00. In all other respects the judgment of the trial court remains the same.
Costs of this appeal to be borne by defendant-appellees.
AFFIRMED IN PART, AMENDED IN PART.

. See Harris v. D’Antoni, 355 So.2d 1049 (La.App. 4th Cir. 1978; and Derouen v. Southern Pacific Transportation Co., 351 So.2d 300 (La.App. 3rd Cir. 1977), writ refused 353 So.2d 1046 (La.1978).