REGAN, Judge.
This appeal challenges the adequacy of an award of $750 to the plaintiff, Joyce C. LeBlanc, for a whiplash injury. Defendants, at this appellate stage of the litigation, no longer contest their liability.
On July 23, 1969, the plaintiff’s vehicle was struck from the rear as the result of a four-car collision in Harvey, Louisiana. The defendants concede that the proximate cause of the accident was the negligence of August Johnson, Jr., who was acting within the scope of his employment for Gulf Asphalt Company, Inc. The driver, his employer and its insurer, Miller’s Casualty Insurance Company of Texas were cast in judgment and plaintiff was awarded $750 for pain and suffering caused by the injury and $168.64 medical expenses incurred as a result thereof.
Plaintiff’s sole contention on appeal is that an award of $750 for pain and suffering is inadequate.
Plaintiff testified that the accident occurred in the early afternoon, and although she felt “shook up” she had no specific complaint of pain at that time. Later that night she experienced pain in her head, back and neck, therefore, she took several Anacins, the only pain reliever which she possessed. The following day she consulted Dr. Daniel Talbot, a general surgeon associated with the Expressway Medical Center in Harvey. Prior to this accident she had been treated by several doctors connected with this clinic for other medical problems.
Dr. Talbot, who qualified as a medical expert in his field, testified that he first examined the plaintiff on July 24, 1969. She described the accident of the previous day to him and complained of pains in the neck region, the upper central shoulder area and the head. He diagnosed her condition as a “hyperextension injury of the cervical spine”, which, he explained, was confirmed by objective findings of muscle spasm and a slight decrease in range of motion. He prescribed an analgesic and a muscle relaxant and plaintiff continued on this medication for several months. In the course of treatment for her injury, she was seen by Dr. Talbot nine times, the last visit occurring on October 7, 1969, at which time she was discharged. In addition to the foregoing treatment she was given physiotherapy on numerous occasions at the medical center; however, it was not *775 necessary for the doctor to see her when she visited his office for heat treatments,
On September 9, 1969, Dr. Talbot noted her condition had improved and instructed her to gradually taper off both drugs which he had prescribed and to return in two weeks. She returned to his office within four weeks and was then discharged. She explained that she continued to experience neck pain intermittently after her discharge.
Plaintiff, who was employed in the clerk’s office of Second Parish Court of Jefferson Parish, related that she lost no time from her job other than the day she visited Dr. Talbot after the accident. She pointed out that her co-employees assisted her while she was being treated.
The question which this appeal has posed for our consideration is whether the award adequately compensates plaintiff for her pain and suffering. Both counsel have cited cases to support their respective positions as to quantum. The awards range between $750 and $5000. We have reviewed the rationale of these authorities and find, as usual, no case exactly comparable to the facts before us. In any event, we are compelled to reach the inevitable conclusion that the jurisprudence supports the plaintiff’s contention that the award should be increased. In Cavalier v. State Farm Mutual Automobile Ins. Co.,[1] this court awarded $5000 for pain and suffering to a plaintiff who suffered a cervical sprain, lumbrosacral sprain, and sprain of the right shoulder. Comparatively speaking the injuries therein were far more serious than those suffered by this plaintiff. In Keck v. Yocum[2] a plaintiff who first sought medical attention within six days after the accident was found to have a whiplash injury requiring treatment for three months, including traction, injection and diathermy. The award was $2750.
Among the low quantum cases cited by defendant are Ballaron v. Roth[3] and Porter v. Sprawls.[4] In Bailaron we concluded that an award of $1000 for a crushing type injury to the chest and a moderate whiplash was not excessive; however, we did not decide that it was adequate compensation for these injuries. That issue was never considered by us. In Porter, we affirmed an award of $500 for moderate neck and back sprain and questionable left side muscle spasm and for $750 for a sprained neck and shoulder. An analysis of the opinion reflects that this moderate quantum was influenced by the plaintiffs’ procrastination in seeking medical attention after the accident and their exaggerations as to the pain they experienced.
In this case, even though we have referred to other cases appearing in our jurisprudence with respect to quantum, we must individually evaluate this claim and only rely on the other decisions as a general guide in determining the adequacy of the award.
Plaintiff’s claim is supported by medical testimony and there is no suggestion of exaggerated complaints of pain. Her condition required treatment over a two and one-half month period and even after she was discharged, she suffered neck pains intermittently. We, therefore, conclude the award for pain and suffering should be increased from $750 to $1500.
For the reason assigned the judgment appealed from is amended so as to increase the award for pain and suffering from $750 to $1500. In all other respects, the judgment appealed from is affirmed. Defendant is to pay all costs of this appeal.
Amended and affirmed.

. La.App., 248 So.2d 372 (1971)

. La.App., 250 So.2d 468 (1971)

. La.App., 221 So.2d 297 (1969)

. La.App., 227 So.2d 792 (1969)