JULIAN E. BAILES, Judge Pro Tem.
The sole issue presented by this appeal is the adequacy of the trial court’s award of $500 for physical injuries received in a rear end collision involving the plaintiff’s lead passenger car and the defendant, Landry’s following pickup truck.
In addition to the $500 awarded for physical injuries, plaintiff recovered $934.-87 for damages to his vehicle, $107.01 for rental for replacement vehicle and $399 for medical expenses.
The record herein fully supports these facts:
Immediately after the accident the plaintiff was not aware of any injury. The next day he had headaches and pain in his neck and back. The second day following the accident a physician was consulted. On this examination of August 11, 1971, the physician found plaintiff to have tenderness in the front and back of his neck, marked spasm in the left back of the neck and tenderness of the lower spinous processes o'f the neck. He exhibited bilateral muscle tenderness of the lower parts of the back in the lumbosacral and sacroiliac area. X-rays confirmed the straightening of the normal curve of the cervical spine indicating some limitation of motion. Diagnosis was moderately severe cervical strain and moderate lumbar strain. The treating physician concluded that the plaintiff had suffered a flexion, extension injury. Medication was prescribed for pain and plaintiff was started on a daily infrared physiotherapy treatment administered at the physician’s office.
Plaintiff next saw his physician on August 25, 1971. Because of improvement in his condition, although some tenderness remained in' his neck and back, the infra-red treatments were reduced to three times per week.
On September 8th or 9th, 1971, the physician found the muscle tenderness was resolving. Infra-red treatments were continued as were the medications for pain and relaxation of the muscles.
The last examination of plaintiff by the physician was on October 10, 1971. At this time the plaintiff was found to be asymptomatic except for nervousness and headaches. Medication was continued for the two remaining complaints. At this time, plaintiff was discharged.
In all, plaintiff was treated for two months and complete recovery was obtained with the exception of his headaches. He lost one week of work as a result of his injuries. We conclude the award for the plaintiff’s injuries should be increased to $1,500. See LeBlanc v. Gulf States Asphalt Company (1972) La.App., 257 So.2d 773.
*701 For the foregoing reasons the judgment appealed from is amended so as to increase the award for the physical injuries to $1,500. In all other respects the judgment appealed is affirmed.
REDMANN, J., dissents with written reasons.
Amended, and as amended, affirmed.