302 So.2d 278 (1974)
Maurice BITOUN
v.
Turner W. LANDRY and the Travelers Insurance Company.
No. 54634.
Supreme Court of Louisiana.
October 28, 1974.
*279 Stewart E. Niles, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants-applicants.
Bruce C. Waltzer, Fine & Waltzer, New Orleans, for plaintiff-respondent.
DIXON, Justice.
Writs were granted in this personal injury case to review the action of the Court of Appeal in changing the trial court's award of damages.
On August 10, 1971 plaintiff's car was hit from the rear by defendant. The next day he was referred to Dr. Florence Jones by his lawyer. After examination and x-rays Dr. Jones made a diagnosis of moderately severe cervical strain and moderate lumbar strain. Medication for pain and heat lamp therapy were prescribed. The doctor saw plaintiff on four occasions, the last on October 8 when plaintiff was discharged with no complaints from neck or back. From August 10 through October 1 plaintiff underwent twenty heat lamp treatments of twenty minutes each.
Plaintiff and his brother, for whom he worked as a restaurant manager, testified he lost a week's work, but was paid most of his regular compensation as "sick pay." When questioned about the rental of a car from August 11 to August 19, plaintiff said it was for the purpose of going to and from work, and for doing the errands sometimes required in his work.
The trial judge awarded plaintiff $1,940.88, which he itemized as plaintiff's special damages plus $500.00 for personal injuries. The Court of Appeal reviewed the evidence and increased the award for personal injuries to $1,500.00, citing an earlier case from the same court in which the injuries were similar. Bitoun v. Landry, 290 So.2d 699 (La.App. 4th Cir. 1974).
Unless the record demonstrates that the trial court abused the "much discretion" provided for in fixing damages (C.C.1934), the appellate court should not disturb the award. Fox v. State Farm Mutual Automobile Insurance Co., 288 So.2d 42 (La.1974). No abuse of discretion is demonstrated in this case. The question is not whether a different award might have been more appropriate, but whether the award of the trial court can be reasonably supported by the evidence and justifiable inferences from the evidence before it. That such evidence might also support a greater (or smaller) award will not justify a change in the amount by the appellate court. Only when the trial court abuses its broad discretion should the award be adjusted, either up or down.
We can agree with the plaintiff that an injury which requires four visits to the doctor and twenty therapeutic treatments might justify an award much greater than $500.00 for the inconvenience and the interruption of a normal life, to say nothing of the pain and discomfort from the injury. Nevertheless, there are legitimate inferences which the trial judge might have drawn from the evidence which would fully support his finding that the personal injuries suffered by this plaintiff were so slight that he would be fully compensated by an award of $500.00, in spite of his twenty trips to sit under the heat lamp.
*280 For these reasons the judgment of the Court of Appeal is reversed, and the judgment of the district court is reinstated; plaintiff is cast with costs of the proceedings in this court.