GULOTTA, Judge.
We are confronted with a quantum question. Plaintiffs complain of the inadequacy of a jury award in favor of August Alombro in the sum of $600.00 and Patricia Cresap in the sum of $400 for injuries sustained in an automobile ac.cident. We affirm.
When the accident occurred on March 24, 1973, Patricia Cresap was a front seat guest passenger in an automobile driven by Alombro. As in most appeals on quantum, plaintiffs depict the injuries as severe, while defendant portrays the injuries as minimal.
According to Alombro, after the accident, he experienced headaches and pain in the lower spine and neck. Referral was made by plaintiff’s attorney to Dr. Florence Jones. Between March 30, 1973 and July 16, 1973, Alombro visited the office of Dr. Jones on six occasions for physiotherapy and on seven occasions for examination and x-ray. According to Dr. Jones, plaintiff suffered a mild lumbrosacral strain and pain medication, muscle relaxants and deep heat therapy were prescribed. Alom-bro’s medical bill amounted to $280.00.
Because of continued complaints of pain in the lower back, plaintiff was referred to Dr. Gernon Brown, Jr., an orthopedist. However, his findings were negative.
Alombro testified that standing for an extended length of time causes back pain which worsens in the evening. However, other than the occasional visits to the doctor, he suffered no loss of work from the injury.
Patricia Cresap sustained injury to her head and to the side of her face. Immediately after the accident, this plaintiff was taken to Sara Mayo Hospital where she remained for approximately one-half hour. Medication for pain was prescribed and the use of a heating pad on the neck was recommended.
Miss Cresap also was referred by her attorney to Dr. Florence Jones. An examination on April 16, 1973, revealed cervical strain and headaches secondary to a contusion sustained in the accident. Dr. Jones also found some muscle spasm at the base of the neck. However, the doctor stated that the cervical strain suffered by Miss Cresap was similar to the lumbar injury sustained by Alombro. Medication for pain and muscle relaxants were prescribed, physiotherapy was administered, hot baths and use of a heating pad were recommended.
Between the initial visit on March 30 and the final visit on June 28, 1973, plaintiff Cresap was seen by Dr. Jones on 16 occasions. On 11 of these visits, physiotherapy was administered; the remaining visits were for examination and x-ray. Her bill for medical services rendered by Dr. Jones totalled $285.00.
According to Miss Cresap, she suffers headaches three or four times a week and neck pain every day. She complained that engaging in strenuous work increases her neck pain. Other than visits to the doctor, plaintiff suffered no loss of work and suffered no loss of pay.
Plaintiffs’ injuries, in the instant case, are similar to those sustained by plaintiff in Bitoun v. Landry, 302 So.2d 278 (La.1974), cited by defendant. In Bitoun, the court stated:
“On August 10, 1971 plaintiff’s car was hit from the rear by defendant. *815 The next day he was referred to Dr. Florence Jones by his lawyer. After examination and x-rays Dr. Jones made a diagnosis of moderately severe cervical strain and moderate lumbar strain. Medication for pain and heat lamp therapy were prescribed. The doctor saw plaintiff on four occasions, the last on October 8 when plaintiff was discharged with no complaints from neck or back. From August 10 through October 1 plaintiff underwent twenty heat lamp treatments of twenty minutes each.”
The court further indicated that:
“We can agree with the plaintiff that an injury which requires four visits to the doctor and twenty therapeutic treatments might justify an award much greater than $500.00 for the inconvenience and the interruption of a normal life, to say nothing of the pain and discomfort from the injury. Nevertheless, there are legitimate inferences which the trial judge might have drawn from the evidence which would fully support his finding that the personal injuries suffered by this plaintiff were so slight that he would be fully compensated by an award of $500.00, in spite of his twenty trips to sit under the heat lamp.”
The Bitoun court reasserted that unless the record clearly demonstrates an abuse of discretion, the appellate court should not disturb the award. Although we may be of the opinion that a greater award might be more appropriate than one made by a trial judge or jury, nevertheless, if that award is reasonably supported by the evidence, the award is not to be disturbed. See also Fox v. State Farm Mutual Automobile Insurance Co., 288 So.2d 42 (La.1973).
In the instant case, we are unable to ascertain with any degree of certainty, what inferences the jury might have drawn in arriving at the amount of the awards. The jury may well have been impressed by the fact that the damage to plaintiff’s vehicle, in the sum of $197.58, was light and that no severe injury was likely to result from such a slight impact. Likewise, they may have been impressed by the fact that both plaintiffs went to the same doctor, at the same time, upon recommendation and referral by their attorney. The jury may have considered the fact that plaintiffs did not require hospitalization. Perhaps the jury concluded that plaintiffs were magnifying minimal injuries.
It is clear that whatever inferences were drawn resulted in the jury’s disbelieving that the injuries were as severe as claimed by plaintiffs. In any event, we cannot say the jury erred.
Accordingly, we affirm the judgment of the trial court.

Affirmed.