LEMMON, Judge.
The sole issue in this appeal is the amount of general damages awarded to plaintiff for injuries to his wrist and hand sustained in a July 22,1972 accident.
A comminuted fracture of the distal end of the radius was manipulated at the hospital under local anesthesia and immobilized in a cast. The treating orthopedic surgeon also diagnosed a fracture of the radial styloid process and a fracture of the neck (knuckle) of the second metacarpal. His prognosis was guarded because the fracture of the radius extended into the wrist joint.
After the cast was removed on August 29, plaintiff was placed on a program of exercises and soon regained a complete range of motion in the shoulder and elbow. However, limitation of motion continued in the wrist and knuckle joints, and considerable atrophy of the muscles of the arm and forearm remained.
A November examination revealed that the fractures of knuckle and radius had healed, although the latter showed some displacement. The styloid process fracture had not healed, and there was still considerable limitation of wrist motion, although no swelling.
In February, 1973 limitation had lessened, but the doctor still measured a difference of 11/2 inches in the circumference of the injured arm as compared to the other. The doctor assigned a 10% permanent disability of the entire right upper extremity.
On the day before the June 5, 1974 trial, wrist movement was almost normal, except that plaintiff could not place his wrist in a full palmer flexed position. The right handed plaintiff, however, still complained of weakness, and the doctor attributed this to muscle shrinkage, opining that the expected degree of improvement in atrophy had not occurred and that plaintiff may always have some atrophy and attendant weakness.
At the time of the accident the 20-year old plaintiff was working as a sheetrock hanger. After six weeks of incapacity, he returned to employment at various unskilled jobs, but stated he had difficulty with work that required wrist strength, such as nailing sheetrock or fleeting barges. At trial he complained of constant stiffness, as well as occasional joint pain.
*631 The doctor verified that muscle shrinkage can cause weakness and that the unhealed fracture can be a factor substantiating the complaints of joint pain. While the doctor did not impose restrictions on plaintiff’s work activities, he noted that the residual problems were self-limiting to the extent that plaintiff would have to determine his own work capability.
The trial judge awarded $12,000.00 in general damages, in addition to medical expenses of $122.00 (which should have been $275.12). While we have affirmed significantly lower awards for similar injuries in the cases cited by defendants, the question is whether the trial court’s award in this case can be reasonably supported by the record. Bitoun v. Landry, La., 302 So.2d 278 (1974). We cannot say on this record that the trial judge abused the much discretion vested in him by C.C. art. 1934(3).
The judgment is affirmed.

AFFIRMED.