PENROSE C. ST. AMANT, Judge Pro Tem.
Defendants appeal a judgment of the trial court awarding plaintiff $42,500.00 in general damages for injuries sustained in an automobile accident. We affirm.
In this court defendants do not contest the issue of liability nor the award of $1,592.73 in special damages. The sole question on appeal is whether the trial court abused its discretion in the award for general damages.
The plaintiff, Mrs. Barbara Jemison, was a guest passenger in a Volkswagon automobile that was struck broadside by a pickup truck. At the time of the accident she was 23 years of age and five months pregnant with her first child. As a result of the impact Mrs. Jemison was rendered unconscious and was transported by ambulance to the East Jefferson Hospital where she was subsequently confined for treatment for a period of eighteen days.
Mrs. Jemison suffered multiple injuries in the accident, including a fracture of the pelvis, a fracture of the superior pelvic ra-mus, a cerebral concussion, and multiple lacerations, contusions and abrasions of the face and body, some of which have resulted in permanent scars. Mrs. Jemison was placed in traction some sixteen out of the eighteen days that she was hospitalized.
Following her discharge from the hospital the plaintiff was compelled to use a walker and crutches for approximately two months. At the time of the trial more than one year later she testified that she still has occasional severe headaches and that her hand hurts “unmercifully”. In addition, although her child was born without apparent defect, she testified that prior to delivery she suffered worry and anxiety about the possible effects of the accident on her unborn child, and that even following birth she continued to worry about the long-range effect that the x-rays to which she was subjected while hospitalized might have on the health of her child.
The trial court described Mrs. Jemison as having a scar approximately one inch long above the eyebrows, a three-quarter to one inch scar on her right cheek, a two and one-half inch scar on her upper right arm, and various other small scars on her arm and fingers. In written reasons for judgment the trial court assigned specific values to each scar as well as to various other items of injury and damage amounting to twelve in number totalling the $42,500.00 for which judgment was rendered.
Defendants attack many of these individual items as being duplications and/or excessive. We find it unnecessary to review in detail each item discussed by the trial court in its reasons for judgment. In the recent case of Glazer v. Louisiana Trailer Sales, Inc., 313 So.2d 266 (La.App. 4th Cir. 1975), this court applied the principles set forth in Bitoun v. Landry, 302 So.2d 278 (La.1974), as follows:
“. . . The question is not whether a different award might have been more appropriate, but whether the award of the trial court can be reasonably supported by the evidence and justifiable inferences from the evidence before it. That *369 such evidence might also support a greater (or smaller) award will not justify changing the amount by the appellate court. Only when the trial court abuses its broad discretion should the award be adjusted, either up or down.”
In Glazer this court affirmed an award of $37,000.00 for injuries to a young woman 26 years of age who suffered a fracture of the right arm with permanent scarring and various contusions and abrasions which required hospitalization for some ten days and orthopedic care for some three months but with no residual permanent disability. The injuries and the award here are at least generally comparable.
While the award here appears generous to us and perhaps to represent the upper limit for such injuries we cannot say in view of Glazer and Bitoun, supra, that the trial court abused its broad discretion in awarding $42,500.00 in general damages for the injuries summarized above.
For the foregoing reasons the judgment of the trial court is affirmed at appellants’ cost.

AFFIRMED.