GULOTTA, Judge.
We are confronted solely with a question of quantum. Plaintiffs were injured as a result of an automobile accident. Liability is stipulated under the uninsured motorist provision of an insurance policy with the defendant insurer in the name of Lesley L. Smith.
Defendant appeals from a $3,500.00 general damage award in favor of plaintiff Smith and a $5,000.00 general damage award in favor of plaintiff Dolores Miller. The uninsured motorist liability limit is $5,000.00 per person and $10,000.00 per accident. Plaintiffs, in answer to the appeal, seek an increase in Smith’s award to $6,500.00 in general damages and in Miller’s award to $10,000.00 in general damages, the excess of the policy limit to be granted against Richard G. Woodruff and Samuel Woodruff, the uninsured driver and owner respectively of the vehicle involved in the collision with the plaintiff vehicle.
Defendant characterizes the injuries sustained by Smith from the December 23, 1974 accident as abrasions to both eyes resulting from glass particles in the eyes requiring visits to the doctor on three occasions between December 26, 1974 and January 3, 1975, with no residual and resumption of the use of contact lenses on January 3; and a shoulder injury necessitating treatment for approximately one month resulting in headaches and tenderness over the right shoulder for that period of time. In connection with the injuries sustained by Dolores Miller, defendant contends that this plaintiff suffered tendonitis of the ligaments of the knee, requiring occasional cortisone injections and possible aggravation of pre-existing chondromalacia (softness of the cartilage) causing tenderness of the knee for an approximate period of two months which apparently subsided to such an extent that she became employed on February 17,1975, in the position of a respiratory therapist. Defendant suggests that minimal effusion found by two doctors could have resulted from the chondromala-cia or from prolonged standing necessitated in Miller’s post-accident job or from her overweight condition. (Mrs. Miller testified that she was 5'10" in height and weighed about 200 pounds at the time of the accident.)
Plaintiff Smith describes her injuries as contusions to the right shoulder, superficial laceration to the left forearm, hyperexten- *574 sioti injury to the cervical muscles, and abrasions to both eyes. She testified that she had experienced constant shoulder pain for approximately two months and neck stiffness as late as March, 1976. She also emphasized that she had suffered extreme eye pain for several days following the accident.
Plaintiff Miller characterizes her injuries as contusion to the left knee, a lumbosacral strain, aggravation of degenerative changes in the knee and medial collateral tendonitis. She testified that she had experienced no knee pain prior to the accident, but since that time has had continuous difficulty occasioned by swelling and tenderness. She further complained of some degree of back pain. Both plaintiffs argue that the severity of the impact between the vehicles caused plaintiff’s automobile to be knocked backward into a brick wall.[1] As a result, they contend, the injuries sustained are of a serious nature.
SMITH’S INJURIES
Immediately after the accident, this plaintiff was treated at the Charity Hospital Emergency Room. On the following day, Robert J. Cangelosi, M.D., an opthal-mologist, diagnosed corneal abrasions in both eyes and removed two pieces of glass from the right eye and one piece from the left. She was seen on three other occasions on December 26 and 28,1974 and January 3, 1975, at which time the abrasions had healed without any residual and plaintiff’s vision was 20/20 with contact lenses.
Russell J. Rawls, M.D., stated in a March 11, 1975 report that he first examined Miss Smith on December 26, 1974, and diagnosed contusions to the right shoulder and clavicle, superficial lacerations to the left forearm, hyperextension injury to the cervical muscles and abrasions to both eyes. He recommended heat treatment over the tender areas and continuance of analgesics previously prescribed by other doctors. She was seen again on December 30,1974, when she complained of headaches and residual tenderness in the right shoulder. His physical examination at that time revealed that the contusion to the shoulder was resolving, but slight swelling and tenderness had developed on the right side of the head.
Plaintiff was seen by the doctor again on January 6, 14 and 21, 1975. Complaints of tenderness persisted but Miss Smith exhibited increasing improvement with each visit. The regimen of heat treatments continued. In addition, on January 14, plaintiff was placed on an anti-inflammatory agent and on the January 21 visit she received an injection of Celestone in the left arm. The doctor anticipated full recovery within a few weeks after March 11. On the first visit, plaintiff was advised to continue heat applications to the tender areas.
Miss Smith testified that she suffered intermittent dizziness, pain, stiffness in the shoulder area, burning sensation in the eyes and headaches over a two- or three-month period. Furthermore, according to observations made by the trial judge, this plaintiff had a two- or three-inch hairline, slightly discolored scar on the forearm.
MILLER’S INJURIES
Mrs. Miller was examined by Dr. Harry Edward Hoerner, an orthopedist, on December 30, 1974. His physical examination revealed muscle spasm in the lower back region and bruises and ecchymosis of the left knee on the medial side, accompanied by swelling and an “exquisite” or severe amount of tenderness. An x-ray taken at the time showed minimal degenerative arthritic changes in the undersurface of the kneecap. Mrs. Miller was advised to return for examination in two weeks but did not keep her appointment.
On August 12, 1975, however, Mrs. Miller saw Dr. Robert E. Ruel, Jr., an associate of Dr. Hoerner. She complained of repeated instances of “giving out” of the left knee, as well as pain and swelling in the knee *575 area. Dr. Ruel’s examination revealed a minimal amount of fluid in the knee, but severe tenderness along the medial joint line.
This plaintiff was again seen by Dr. Hoerner on December 15, 1975, at which time she complained of pain and difficulty in climbing stairs. The doctor’s diagnosis was chondromalacia of the kneecap and bursitis. Dr. Hoerner testified that the tendonitis and chondromalacia were related to the accident. He also stated that the accident contributed to the increasing symptoms she had of the arthritic changes in her kneecap which had pre-existed the accident.
Dr. Harold M. Stokes, an orthopedist, examined Mrs. Miller on February 3, 1976. His examination, at that time, revealed a mild effusion of the left knee and tenderness to palpation. X-rays taken at the time did not reveal any degenerative changes different from those changes which appeared on the December 30, 1974 x-ray. Dr. Stokes felt that the accident did not produce the changes noted on the December 30 x-ray. The record is clear that plaintiff did not sustain a torn cartilage.
The evidence considered, we conclude that the $3,500.00 general damage award in favor of Lesley Smith and the $5,000.00 general damage award in favor of Dolores Miller are neither inadequate nor excessive. We find no abuse of the “much discretion” rule. See Bitoun v. Landry, 302 So.2d 278 (La.1974); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976) and Robinson v. Graves, 343 So.2d 147 (La.S.Ct. 1977). The judgment is affirmed.

AFFIRMED.

. Although the record is not clear on the exact amount of the automobile damage, it appears that the cost of repairs amounts to $1,975.00.