WATSON, Judge.
This is an appeal by plaintiff, Mary Jo Salter[1], contending that the amount of damages awarded her against defendants, Samuel D. Price, and his insurer, Travelers Insurance Company (Travelers Indemnity Company,) is inadequate and should be increased. As the result of a rear-end collision in which a vehicle driven by Price hit the rear of a school bus driven by Mrs. Salter, the trial court awarded damages of $22,714.60, which included $10,000 as loss of future wages and $10,000 for pain, suffering and disability.
The issue is whether the trial court abused its discretion in the awards for loss of future wages and general damages.
In a lengthy and detailed opinion, the trial judge reviewed the medical evidence concerning Mrs. Salter’s injuries, which consisted primarily of a severe blow to the abdominal region from being thrown into the steering wheel of the bus and a nervous condition super-imposed on the physical injuries. The evidence consisted of the testimony by Dr. Sauls, the family physician of Mrs. Salter, who testified in detail concerning her various ailments and his treatment of them; and the evidence of Dr. Jones, an orthopedic surgeon, and Dr. Teagle, a specialist in internal medicine, who expressed their opinions that there was no medical reason why Mrs. Salter could not return to her job of driving the school bus.
The trial court also considered the fact that Mrs. Salter was in poor health prior to the accident and that she had applied for *903 retirement as a school bus driver after the accident. It was noted that her application was not based on the injuries sustained.
The trial court stated that loss of future earnings are not susceptible of computation with mathematical certainty, and that while the automobile-bus collision resulted in Mrs. Salter’s becoming disabled, the court must take into consideration the “repeatedly expressed . . . opinion . that she was unable to drive the said school bus for physical reasons unrelated to the accident, namely arthritis.” (TR. 323)
The trial court did not abuse its discretion in awarding $10,000 for loss of future earnings and $10,000 for pain, suffering and disability. Plaintiff is not entitled to an increase on appeal. The admonition of the Supreme Court against the reduction of awards which are within the discretion of the trial court applies equally to the increase of awards. Bitoun v. Landry, 302 So.2d 278 (La., 1974). See also Coco v. Winston Industries, Inc., 341 So.2d 332 (La., 1977).
For the above reasons, the judgment of the trial court is affirmed. Costs are taxed against appellant.
AFFIRMED.

. Kile Salter, husband of Mary Jo, who was a plaintiff in the original petition, is now deceased.