SARTAIN, Judge.
Petitioner, Aldrich Dupree, filed suit to recover damages for injuries received in an automobile collision on June 18, 1975.
Dupree was a guest passenger in a truck driven by Ezekiel Lockman, III when it was *1039 hit by a car driven by Carroll J. Long, an uninsured motorist. It is not presently disputed that the negligence of Long was the sole and proximate cause of the accident.
The case was tried before a jury, which fixed Dupree’s damages at $2500.00. The trial judge entered judgment for petitioner in conformity with the verdict and declined to grant petitioner’s motion for a new trial.
Petitioner appeals on the issue of quantum. The defendants-appellees involved in this appeal are Long, Allstate Insurance Company, the primary uninsured motorist insurer with coverage of $5000.00, and Zurich Insurance Company, the excess uninsured motorist insurer.
Petitioner, Dupree, was examined at the scene of the accident by Dr. Thomas Beam-on, a general practitioner, who, along with his partner, Dr. James O’Neal, continued to treat Dupree for the injuries he sustained. On Dr. Beamon’s advice, Dupree was sent to a Baton Rouge hospital for overnight observation. He was released the next day when multiple x-rays revealed no injuries. His hospital records show that he had a mild cerebral concussion with a large contusion of the left occipital area and sustained bruises in various areas.
Dr. Beamon diagnosed the injury to the instep of Dupree’s left foot as a contusion with a hematoma formation. On July 15, 1975, because Dupree was still complaining of pain in his left foot, he was referred to an orthopedic specialist. On his second visit to the specialist on August 19, Dupree was discharged from his care after being found completely asymptomatic, without complaint and without residual disability. Du-pree, however, testified that the pain in his foot often reoccurred and has continued to bother him until the day of trial.
Additionally, Dupree testified that at various times since the accident he has suffered from pain in his hip, chest, back, elbow and, on extreme movements, in his back and shoulder. He stated that at the time of trial he still frequently had pain in his foot, arm and neck. Dr. Beamon’s testimony confirmed that Dupree had come to his clinic with complaints of pain in these areas; but he admitted that he and Dr. O’Neal had found few objective symptoms of injuries other than the hematoma on the foot and the spasms in the neck and thigh, which were first detected on August 7, 1975, approximately one and a half months after the accident. Dupree made ten visits to Dr. Beamon’s clinic between June 20, and September 25, 1975. Thereafter until February 14, 1978, the day of trial, he made only four visits.
Dupree presented evidence of special damages in the amount of $488.70 for medical expenses and $2,028.60 for lost wages. He now asserts that the jury abused its discretion by awarding only these special damages and failing to include a sum for pain and suffering.
In contrast, defendants argue that the verdict did include an amount for general damages of approximately $1000.00, which they maintain is adequate compensation. They urge that there existed a reasonable basis for the jury to reject a large part of the claim for lost wages and general damages.
Dupree testified that due to injuries received in the June 18th accident he did not return to work until July 17, 1975. His employer’s records confirm these absences. The lost wages for this period amount to $1,164.40. In regard to this claim, defendants attacked the credibility of Dupree on this point by urging the jury to note that Dupree went back to work one day after he had exhausted his full disability pay and was to begin receiving half pay.
An additional amount was claimed for lost wages for other accident-related absences after July 17, 1975. On this point, Dupree testified that his injuries had caused him to miss work, but he could not specify the number of absences nor precisely when they occurred. His employer’s records show some twenty-five absences for personal illness from August 16, 1975, to September 8, 1977. Dupree’s counsel suggested in argument to the jury that it use half that number and award $864.20 in lost wages for this period on the inference that *1040 at least half of these lost work hours were due to the accident.
It is defendant’s position that the inexactitude of the evidence on lost wages coupled with the largely subjective nature of most of Dupree’s physical complaints gave the jury a reasonable basis for awarding less than the requested amount for lost wages and for assessing general damages at the relatively low figure of $1000.00.
An appellate court must affirm a quantum award of a trial court unless the record clearly reveals that the trier of fact abused its discretion in making the award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977); LeJeune v. Flash Truck Line, Inc., 353 So.2d 296 (La.App. 1st Cir. 1977). The issue is not whether this court finds a different award more appropriate, but whether the award can be reasonably supported by the evidence before the jury and justifiable inferences from that evidence. Bitoun v. Landry, 302 So.2d 278 (La.1974).
To entirely omit compensation for general damages in this case would be an abuse of discretion. However, we find persuasive defendants’ explanation of the verdict and conclude that it cannot be said with any certainty that the jury excluded general damages from its award.
As is shown above, there is evidence in the record which together with reasonable inferences therefrom puts a verdict of $2500.00 for both general and special damages within the range of discretion. There being relatively few objective symptoms of Dupree’s alleged injuries, the jury’s assessment of his credibility would of necessity be a significant factor in determining the quantum of general damages and in deciding the number of work absences caused by the accident. The award of damages reflects the jury’s evaluation of the plaintiff’s credibility.
Finding no abuse of discretion, we affirm.
AFFIRMED.