hWALTZER, Judge.
Defendant appeals an April 4, 1994 judgment in conformity with a jury verdict granting judgment in favor of the plaintiff and awarding damages in the amount of $466,-795.00. Because plaintiff had previously set- *1096 tied with Dr. Alan Stolier, the Pathology Lab and its insurer St. Paul Fire and Marine Insurance Co. for $100,000.00, judgment was rendered in favor of plaintiff Morales and against the Louisiana Patient’s Compensation Fund for $366,795.00 plus legal interest and interest on $100,000.00 from the date the claim was filed to the date of settlement. The trial court erroneously included Dr. Alan Stolier’s name as a party cast in judgment. All parties agree that this was an error and as a matter of housekeeping that Dr. Stolier’s name be removed from the judgment. The trial court had previously rendered judgment on April 2, 1993 dismissing Dr. Stolier. Accordingly, we amend the judgment to remove Dr. Alan Stolier as a party cast in judgment.
On appeal, defendant raises only one specification of error, namely, that the amount awarded is clearly excessive and should be substantially reduced. This is a delayed diagnosis case resulting from the laboratory’s failure to provide correct test results. Plaintiff argued that because of the delay in diagnosis she underwent a radical mastectomy instead of a lumpectomy and that if she had only had the lumpectomy, the breast would have been saved.
Plaintiffs treating physician, Dr. Alan Sto-lier testified that if he had received the correct results at the time of the earlier test, he still would have performed a radical mastectomy instead of a lumpectomy because of the lump’s location near the chest wall and directly underneath the nipple. Defense expert Dr. Joseph Uddo concurred with Dr. Stolier.
Plaintiffs experts Drs. Stephen McKenna and Richard Cohen both testified that more likely than not a lumpectomy could have been performed at the time of the first test. Apparently the jury found Drs. McKenna and Cohen more credible than Drs. Stolier and Uddo.
“Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong ... [Ajppellate courts must ’constantly have in mind that their initial review function is not to decide factual issues de novo.... When findings are based on determinations regarding the credibility of witnesses, the manifest error — clearly wrong standard demands great deference to the trier of fact’s findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.... [Where] a factfinder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.”
Rosell v. ESCO, 549 So.2d 840, 844-845 (La.1989).
The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a, clear abuse of the “much discretion” of the trier of fact. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indem. Co. of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967). Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Bitoun v. Landry, 302 So.2d 278 (La.1974); Spillers v. Montgomery Ward & Co., Inc., 294 So.2d 803 (La.1974); Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. den. — U.S.-, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from Gaspard ... through Coco ... and through Reck [v. Stevens, 373 So.2d 498 (La.1979) ] to the present case is that the discretion vested in the trier of fact is “great,” and even vast, so that an appellate court should rarely disturb an award of general damages.... It is only *1097 when the award is, in either ■ direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
Youn v. Maritime Overseas Corp., supra, at 1261. (Emphasis added).
|3The standard of review for damage awards requires a showing that the trier of fact abused the great discretion accorded in awarding damages. In effect, the award must be so high or so low in proportion to the injury that it “shocks the conscience.”
Moore v. Healthcare Elmwood, Inc., 582 So.2d 871, 879 (La.App. 5th Cir.1991).
Plaintiff in the instant case suffered the loss of the breast and suffers from depression. The testimony indicates that prior to the surgery, Miss Morales was a health conscious, outgoing, fastidious career woman. She worked as a reservation clerk for Pan American Airways for 24 years. She loved to dance, shop, and socialize with her friends. After the surgery, Miss Morales became a virtual recluse, worrying about cancer, calling herself a “freak” and stating that she had no life anymore. Miss Morales suffers from serious clinical depression.
In Turner v. Massiah, 94-29 (La.App. 5th Cir. 7/1/94); 641 So.2d 610, defendants failed to timely diagnose her breast cancer despite continuous visits and complaints of hardening in the upper-outer quadrant of her right breast. Expert testimony established that when plaintiff was finally diagnosed, the cancer had spread to 7 lymph nodes and she was in stage II cancer. In progressing from stage I cancer to stage II, she had lost a significant chance of survival. The appellate court upheld a jury award of $250,000.00 for the loss of the breast, disfigurement, and pain and suffering, $750,000 for loss of chance of survival and future mental distress, $250,000 for future medical bills, $48,000 for past medical bills, and, $20,000 for James Turner’s loss of companionship and consortium. Plaintiff Turner died within one year of her initial medical complaint.
Plaintiff in the instant case had special damages of $3,795.00 for future medical expenses. There was no claim for past medical expenses.
The jury correctly awarded $33,000.00 in lost wages based upon a telegram from Pan American confirming an award to her of a sales agents position in Miami pending results of a physical exam — the physical exam which revealed her condition. Accordingly, plaintiffs total award of $466,795.00 consisted of $36,795.00 in special damages and $430,-000.00 for loss of the breast, scarring, and mental anguish. Based upon our examination of “the Uparticular injuries and their effects under the particular circumstances on the particular injured person”, we cannot conclude that the amount awarded was a clear abuse of discretion. Accordingly, we affirm the judgment of the district court subject to the following amendment:
Considering the verdict of the jury, the law and the evidence the Court finds for the plaintiff, Helene Morales, and Against the Patient’s Compensation Fund.
IT IS ORDERED ADJUDGED AND DECREED, that there be judgment in favor of the plaintiff, Helene Morales, and against the Patient’s Compensation Fund, in the amount of THREE HUNDRED SIXTY-SIX THOUSAND SEVEN HUNDRED NINETY-FIVE AND 00/100 ($366,795.00) DOLLARS.
IT IS FURTHER ORDERED that the Patient’s Compensation Fund pay legal interest on ONE HUNDRED THOUSAND ($100,000.00) DOLLARS from the date of filing of the claim with the Patient’s Compensation Fund to April 1, 1991, plus legal interest on THREE HUNDRED SIXTY-SIX THOUSAND SEVEN HUNDRED NINETY-FIVE AND 00/100 ($366,795.00) DOLLARS.

AMENDED AND, AS AMENDED AFFIRMED.