839 So.2d 1137 (2003)
Roy FREMIN, Sr., et al.
v.
CONTINENTAL INSURANCE COMPANY, et al.
No. 02-1157.
Court of Appeal of Louisiana, Third Circuit.
March 5, 2003.
*1138 George E. Cain, Jr., Gary L. Hanes, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, LA, for Louisiana Patient's Compensation Fund.
Robert K. Tracy, Attorney at Law, New Iberia, LA, B. Adam Terrell, Weller, Green, Toups and Terrell, L.L.P., Beaumont, TX, for Roy Fremin, Sr., Bonnie Fremin, Mary Fremin Morein, Jacqueline Fremin Pisani and Donald J. Fremin.
Richard G. Duplantier, Jr., Michael J. Ecuyer, Stephen J. Moore, Galloway, Johnson, Tompkins, Burr & Smith, New Orleans, LA, for Jimmy N. Ponder, Jr., M.D., The Headache and Pain Management Center of the South, AMC Continental Insurance Company.
Court composed of JOHN D. SAUNDERS, OSWALD A. DECUIR, and GLENN B. GREMILLION, Judges.
DECUIR, Judge.
In this medical malpractice case, defendants, Continental Insurance Company and Dr. Jimmy Ponder, together with intervenor, the Louisiana Patient's Compensation fund, appeal an adverse judgment of the trial court. Plaintiffs also appeal one finding of the court. For the reasons that follow, we affirm.

FACTS
The trial court's reasons for judgement provide a succinct recitation of the factual background of this case and we, therefore, adopt it as our own:
This suit was originally brought by Roy Fremin, Sr. and Margaret Fremin, husband and wife. Subsequently, Margaret Fremin died and her children were substituted as parties. Margaret Fremin had a history of multiple back surgeries. She had four surgeries to her back between 1975 and 1986. After the final surgery in 1986, Margaret Fremin was able to maintain an active lifestyle but suffered chronic right foot pain. During the years from 1986 through 1996, she went through physical therapy and other pain treatments, but her complaints of pain continued. In early 1996, her treating physician, Dr. Sagrera, referred her to Dr. Jimmy N. Ponder, Jr., a pain management specialist. Beginning February 15, 1996, Dr. Ponder began a series of epidural steroid injections into her back. The purpose of these injections were to relieve pain. She had some temporary relief from her pain as a result of several of these epidural steroid injections. However, her pain ultimately returned to her. Dr. Ponder discussed with Margaret Fremin alternative treatment. The alternative treatment he recommended would include the placement of a spine stimulator or an epiduralysis. The purpose *1139 of an epiduralysis is to break up scarring and adhesions from the prior surgeries and thus relieve the pain of Margaret Fremin. On April 30, 1996, Dr. Ponder performed an epiduralysis of adhesions on Margaret Fremin. Upon completion of that epiduralysis of adhesions, he was of the opinion that it had not served the purpose he desired and he then performed a L5 nerve root block on the right side. Subsequently, Margaret Fremin developed a dense peroneal numbness from S2-3 down, resulting in neurogenic bladder and other complications. Margaret Fremin became incontinent of bowel and bladder, dragged her left leg and foot, and was only ambulatory with the use of a walker. She required assistance for bathing, dressing, going to the toilet, continence, laundry, meal preparation and housekeeping. These disabilities continued until the date of her death. She eventually died of unrelated causes on June 15, 1999. The medical term for the neurologic injury suffered by Mrs. Fremin is "cauda equina syndrome." Margaret Fremin and Roy Fremin initially sought recovery in this matter. After the death of Margaret Fremin, her children were substituted in her place. The actions brought by Plaintiffs against Dr. Ponder are for lack of informed consent and medical malpractice.
After trial on the merits, the trial court concluded that there was a lack of informed consent on the part of Mrs. Fremin with regard to the nerve root block, and that a reasonable patient in her position would not have consented to the procedure had she been properly informed of the risk. The trial court awarded $369,757.14 in damages. Defendants lodged this appeal and the LPCF intervened since the judgment exceeded $100,000.00. Plaintiffs also appeal the determination that Mrs. Fremin made an informed consent to the initial epiduralysis.

INFORMED CONSENT
Defendants allege that the trial court erred in finding that Mrs. Fremin did not give informed consent to the nerve block procedure. We disagree.
In order to meet her burden of proof in an informed consent case, a plaintiff must prove the following elements:
1] The existence of a material risk unknown to the patient;
2] A failure on the part of the physician to disclose the risk;
3] That disclosure of the risk would have led a reasonable person in the plaintiff's position to reject the procedure or to choose a different course of treatment; and
4] Injury arising from performance of the procedure.
Brandt v. Engle, 00-3416 (La.6/29/01), 791 So.2d 614.
Defendants focus their argument on element three, alleging that the trial court erred in finding that the plaintiffs had established that a reasonable patient in Mrs. Fremin's position would have rejected the procedure. Defendants argue that, because the risk of a nerve root block was similar to that of an epiduralysis, was relatively small, and the potential benefit great, that a reasonable patient would have consented under the circumstances. Even if that were true, which we do not find, this case involved other factors. For instance, Dr. Ponder did the nerve root block on the same day as the epiduralysis. Dr. Ponder himself testified that he normally would do the procedures on separate days. Of more critical importance is the evidence of Dr. David Breznik, a pain management anesthesiologist, asserting that the risks involved with the nerve root block were greatly enhanced by doing the procedure the same day as the epiduralysis, *1140 particularly the risk of the exact injury suffered in this case.
Dr. Gabor Racz, an anesthesiologist specializing in pain management and author of a text on the subject, testified that performing the procedures back-to-back was not typical. He also indicated that there were additional risks involved in the nerve root block.
Moreover, Drs. Reavill, Racz, Breznik, and even Ponder agreed that the nerve root block was a separate procedure requiring separate consent and that it was not an emergency procedure. Again, all of the doctors except Ponder indicated they would not do a nerve root block without discussing it with the patient and obtaining a separate consent.
After reviewing the record, we find no error in the trial court's finding that a reasonable patient, faced with the additional risks associated with back-to-back epiduralysis and nerve root block, would have rejected the block or at the very least postponed in favor of treatment at a later date.
The plaintiffs contend that the trial court erred in finding that Mrs. Fremin gave informed consent to the epiduralysis. Because our findings above are dispositive, this assignment is moot.

QUANTUM
The LPCF alleges that the trial court abused its discretion by awarding excessive damages in this case.
The standard of review for damages was clearly set forth in Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260-61 (La.1993) (footnote omitted), where the court explained:
In Reck v. Stevens, 373 So.2d 498 (La.1979), this Court commented on appellate review of general damage awards and on the "much discretion" in fixing damages accorded to trial courts by La. Civ.Code art.1934(3)(1870). The decision pointed out that the role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration.
In Reck, this court disapproved the appellate court's simply reviewing the medical evidence and then concluding that the award for those injuries was excessive, without taking into consideration the particular effect of the particular injuries on the particular plaintiff. This court further disapproved of the use of a scale of prior awards in cases with generically similar medical injuries to determine whether the particular trier of fact abused its discretion in the awards to the particular plaintiff under the facts and circumstances peculiar to the particular case. The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the "much discretion" of the trier of fact. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indem. Co. Of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967). Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Bitoun v. Landry, 302 So.2d 278 (La. 1974); Spillers v. Montgomery Ward & Co., 294 So.2d 803 (La.1974).
*1141 After reviewing the evidence, we find that the trial court did not abuse its "much discretion" in awarding damages in this case. This assignment has no merit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to the defendant-appellants.
AFFIRMED.