MICHELLE BRYAN
v.
ALLSTATE INSURANCE COMPANY.
No. 2008 CA 1787.
Court of Appeals of Louisiana, First Circuit.
March 27, 2009.
Not Designated for Publication
JAMES P. DeSONIER, Counsel for Plaintiff/Appellant Michelle Bryan
JAMES F. RYAN, BRANDI F. ERMON, Counsel for Defendant/Appellee Allstate Insurance Company.
Before: PARRO, McCLENDON, and WELCH, JJ.
McCLENDON, J.
In this personal injury case, plaintiff, Michelle Bryan, appealed the trial court's award of $20,000.00 in general damages for strain of the neck and back. After a thorough review of the record, we cannot say that the trial court abused its vast discretion, and we affirm.
In Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La. 1993), cert, denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994), our supreme court, citing Reck v. Stevens, 373 So.2d 498 (La. 1979), the Louisiana reiterated its disapproval of an "appellate court's simply reviewing the medical evidence and then concluding that the award for those injuries was excessive, without taking into consideration the particular effect of the particular injuries on the particular plaintiff." Again citing Reck, the Youn court also reaffirmed its disapproval "of the use of a scale of prior awards in cases with generically similar medical injuries to determine whether the particular trier of fact abused its discretion in the awards to the particular plaintiff under the facts and circumstances peculiar to the particular case." Youn, 623 So.2d at 1260. In place of the disapproved methods of inquiry, the supreme court set the correct initial question as: "whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the `much discretion' of the trier of fact." Id. (citations omitted). Reference to prior awards is appropriate only after such a determination of an abuse of discretion, and then limited to a determination of the highest or lowest point reasonably within that discretion. Youn, 623 So.2d at 1260-61, citing Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Bitoun v. Landry, 302 So.2d 278 (La. 1974); Spillers v. Montgomery Ward & Company, Inc., 294 So.2d 803 (La. 1974).
The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from Gaspare" v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) through Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1976), and through Reck to the present case is that the discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
Youn, 623 So.2d at 1261; Stokes v. Stewart, 99-0878, pp. 9-10 (La.App. 1 Cir. 12/22/00), 774 So.2d 1215, 1221; see LSA-C.C. art. 2324.1.
Based on our review of all of the record evidence, including medical and the plaintiff's deposition, and considering the factual findings of the trial court, we cannot say that the trial court abused its "much" or "vast" discretion. Youn, 623 So.2d at 1261; LSA-C.C. art. 2324.1. While $20,000.00 may not be the highest possible award of general damages, it bears a reasonable relationship to the particular facts and the particular plaintiff in this case. Certainly, it is not so outside a reasonable range as to qualify as an award contrary to reason.
For these reasons, we affirm the judgment of the trial court in accordance with URCA Rule 2-16.2.A(6), (7), & (8). The costs of the appeal are assessed to the plaintiff, Michelle Bryan.
AFFIRMED.