DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
10-1309

TERRENCE D. ANDRUS

VERSUS

ACCC INSURANCE COMPANY, ET AL.

**********
APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 09-C5175-A
HONORABLE JAMES P. DOHERTY, JR., DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

Genovese, J., dissents.

Sherman Stanford
P.O. Box 1237
Opelousas, LA
Counsel for Plaintiffs/Appellants:
    Terrence D. Andrus and Joseph J. Davis

Michael J. Breaux
P.O. Box 51106
Lafayette, LA 70505
Counsel for Defendants/Appellees:
    Jeri Ceasor and ACCC Insurance Co.

**PAINTER, Judge**.

Plaintiffs, Terrence D. Andrus and Joseph J. Davis, appeal the quantum of general damages awarded by the trial court for injuries received in a rear-end collision. For the following reasons, we affirm.

## FACTS

On March 12, 2009, Andrus was driving west on La.Hwy 167 in St. Landry Parish with Davis as a passenger. Jeri Ceasor was also driving west on La.Hwy 167 and hit Andrus' vehicle from the rear. Plaintiffs filed this suit for damages for injuries received in the accident.

After a trial on the merits, the trial court found Ceasor to be one-hundred percent at fault in the accident and awarded Plaintiffs general damages in the amount of $1,500.00 each. The court further awarded Andrus $3,674.94 in medical special damages and Davis $3,262.94 in medical special damages. Plaintiffs appeal the general damage award as inadequate.

## DISCUSSION

Plaintiffs argue that $1,500.00 each is an inadequate award for soft tissue back injuries which required three months of treatment.

The standard of review for quantum of damages is well established.

> In *Reck v. Stevens*, 373 So.2d 498 (La.1979), this Court commented on appellate review of general damage awards and on the "much discretion" in fixing damages accorded to trial courts by La.Civ.Code art. 1934(3)(1870). The decision pointed out that the role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration.

> In *Reck*, this court disapproved the appellate court's simply reviewing the medical evidence and then concluding that the award for

1

those injuries was excessive, without taking into consideration the particular effect of the particular injuries on the particular plaintiff. This court further disapproved of the use of a scale of prior awards in cases with generically similar medical injuries to determine whether the particular trier of fact abused its discretion in the awards to the particular plaintiff under the facts and circumstances peculiar to the particular case. The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the "much discretion" of the trier of fact. *Gaspard v. LeMaire*, 245 La. 239, 158 So.2d 149 (1963); *Ballard v. National Indem. Co. of Omaha, Neb.*, 246 La. 963, 169 So.2d 64 (1964); *Lomenick v. Schoeffler*, 250 La. 959, 200 So.2d 127 (1967). Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion. *Coco v. Winston Industries, Inc.*, 341 So.2d 332 (La.1976); *Bitoun v. Landry*, 302 So.2d 278 (La.1974); *Spillers v. Montgomery Ward & Co.*, 294 So.2d 803 (La.1974).

The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from *Gaspard v. LeMaire*, 245 La. 239, 158 So.2d 149 (1963) through *Coco v. Winston Industries, Inc.*, 341 So.2d 332 (La.1976), and through *Reck* to the present case is that the discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.

*Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1260-61 (La.1993) (footnote omitted).

The evidence of record shows that the damage to the Andrus vehicle was minor. The investigating officer described it as scratches and paint damage and stated that the bumper was not deformed. He further testified that Defendant's vehicle had very minor damage to the front end without any structural deformity and that none of the parties reported any injury to him.

2

Andrus stated that his back started hurting a few days after the accident and that, as a result, he went to the emergency room at Opelousas General Hospital. Medication was prescribed for him. The emergency room record shows that he reported his pain as being mild at that time. He further testified that he sought treatment from a chiropractor and that his condition improved gradually over the three months of treatment. He stated that for the first month he could not do much of anything because of pain, could not play sports, and could not do any lifting. On cross-examination, Andrus admitted describing the impact between the vehicles as a little jerk and admitted that the impact between the vehicles was minor. He stated that he received a check from ACCC Insurance for $260.00, representing property damage to the bumper of his car. He further admitted that he had fractured some ribs about a year prior to the accident and had been seen by Dr. Calvin White for low back pain during the three months prior the accident.

In his testimony, Davis described the impact between the vehicles as a little jerk and stated that "It wasn't nothing big." He stated that he did not feel anything until a couple of days later when he went to the emergency room where he was prescribed medication. He also sought chiropractic treatment over a period of three months for tightness in his low back. He stated that his activity was not restricted and that the pain gradually resolved over the three months of treatment. On cross-examination, he admitted that the pain was intermittent and never more than tightness in his low back.

The records from the treating chiropractor show three visits in March 2009, nine in April, and three in May for both Plaintiffs.

3

In light of the circumstances of this particular case, we cannot say that an award of $1,500.00 in general damages to each of the Plaintiffs falls below "that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances." *Id.* at 1261.

## CONCLUSION

Therefore, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiffs/Appellants.

**AFFIRMED.**